# In re Estate of Renaud

C.P. of Centre County, no. 14-02-0288.

*Dennis Reiter,* for M. Renaud.
*Jeffrey W. Stover,* for objector.
*Gary A. Delafield,* for estate.

BROWN JR., *P.J.,* February 2, 2004—Presently before the court is the objection of co-executor Curtis Alan Renaud to the first and final account filed by Michael Jon Renaud, the other co-executor. The court determines the first and final account should not be amended to include the certificate of deposit at issue, therefore, the objection is overruled.

## PROCEDURAL BACKGROUND

Vivian Pauline Marshall Renaud (decedent) died July 3, 2002, survived by two sons: Curtis Alan Renaud (objector) and Michael Jon Renaud (son) (collectively co-executors). Decedent was preceded in death by her husband, Michael J. Renaud (father), who died sometime in 1993. Decedent's will names objector and son as co-executors of her estate. On July 15, 2002, decedent's will was admitted for probate and co-executors were granted letters testamentary.

An inventory of estate assets was filed on September 3, 2003. A first and final account and schedule of proposed distribution of Michael Jon Renaud, one of the co-executors (first and final account), was filed on September 3, 2003, by Attorney Gary A. Delafield. Objector did not join in the filing of the first and final account.

On October 3, 2003, objector filed the instant objection to the first and final account. Objector's sole objection concerns an M&T Bank certificate of deposit, deposit no. [∗∗∗], in the joint names of decedent and "Michael Renaud" (joint C.D.). Objector maintains the joint C.D. was originally a certificate of deposit held by decedent and father as tenants by the entirety. Thus, when father died, decedent became the sole owner of the joint C.D. Therefore, according to objector, the joint C.D. is an estate asset which should be divided equally between co-executors according to decedent's will.

A hearing and oral argument was held on the objection to the first and final account on January 23, 2004.

### FINDINGS OF FACT

The original certificate of deposit for the joint C.D. has not been found. The joint C.D. was opened at Keystone Financial, which is now M&T Bank (bank). Bank's records show title to the joint C.D. is held in the name of decedent and "Michael Renaud." Son and father share the same name (Michael J. Renaud). Bank's records show the address listed on the joint C.D. is 212 E. Sycamore Street, Snow Shoe, Centre County, Pennsylvania. Decedent and father lived at 212 E. Sycamore Street during their entire marriage. Decedent and father were married in either 1943 or 1944. Son's address is 106 Meadow Street, Snow Shoe, Centre County, Pennsylvania.

Bank's records show the joint C.D. was opened on October 30, 1988, with a beginning balance of $13,290.38. The date of death value of the joint C.D. is $27,781.20. Father died sometime in 1993, after the joint C.D. account was opened.

Objector is the father of three daughters: Danielle Renaud (biological daughter), Crystal Renaud (biological daughter) and Sheila Perks Renaud (step-daughter). Son has no children. Decedent assisted all three of objector's daughters with their post-high school education expenses. On November 1, 1988, decedent opened the following accounts at bank: (1) a certificate of deposit account in the name of decedent "in trust for" Danielle Renaud, in the amount of $1,502.08; (2) a certificate of deposit account in the name of decedent "in trust for" Sheila Perks Renaud, in the amount of $1,199.47; and (3) a certificate of deposit account in the name of decedent "in trust for" Crystal Renaud, in the amount of $1,502.08. In 1995 and 1997, decedent opened two more certificate of deposit accounts in her name alone.

Bank's records show decedent held at least one joint account with son at some time, but bank employees could not identify which account. Bank's records show decedent held at least one joint account with father at some time, but bank employees could not identify that account either. Bank employees could not find a record of any joint account between decedent and father being closed.

Decedent's will provides for a specific devise to the Presbyterian Church in Snow Shoe and a specific devise to Hazel R. Renaud, her daughter-in-law. Decedent's will then divides the residue of her estate equally between co-executors. Decedent's will specifically states Sheila Perks is not provided for in the will because of the assistance decedent has already provided to Perks in obtaining her post-high school education.

Attorney Delafield, attorney for co-executors, filed the inventory of estate assets and the first and final account.

Attorney Delafield did not list the joint C.D. as an estate asset. Attorney Delafield did not list the joint C.D. as an estate asset because of his belief decedent wished to treat her two sons equally. Attorney Delafield also believed, due to the time period decedent was born and the generation in which she was married, if the joint C.D. was meant to be held jointly between decedent and her husband, decedent would have listed her husband's name first.

## DISCUSSION

The sole issue for the court to decide is whether the joint C.D. was held jointly by decedent and father, thereby making it an estate asset, or whether the joint C.D. was held jointly by decedent and son, thereby making it an asset belonging to son.

Objector maintains the joint C.D. is owned by decedent and father. Objector argues there is a rebuttable presumption that where a father and son bear the same name, the father is intended. See *Laskowski Estate,* 17 Fiduc. Rep.2d 99, 105 (O.C. Div. Luzerne 1996); *In re Weidaw Estate,* 73 D.&C.2d 249, 250 (1973). Objector submits this presumption prevails in the instant case because there is no evidence to rebut the presumption. Objector notes the address on the joint C.D. is the address decedent and father shared during their entire marriage, including the time period when the joint C.D. was opened. Therefore, objector submits, the joint C.D. is an asset originally held jointly by father and decedent, and, at decedent's death, the joint C.D. became an asset of her estate. Thus, the joint C.D. should be divided equally between him and son, as provided for in decedent's will.

Son maintains the joint C.D. is titled in his name and decedent's name. Son maintains the evidence rebuts the presumption argued by objector. Son argues the evidence shows decedent wished to treat her sons equally. Decedent provided financial assistance to objector during her lifetime by assisting his daughters with post-high school education expenses and by opening certificate of deposit accounts in trust for her granddaughters. Since son has no children, decedent provided financial assistance to son by opening the joint C.D. titled in both her name and son's name. Son argues bank's records support this argument because the records prove he and decedent held at least one joint account together at some time.

The court determines the joint C.D. is not an asset of decedent's estate. The court determines the joint C.D. is an account held jointly by decedent and son and is now the sole property of son.

The court determines the evidence presented rebuts the presumption that father's name was intended. Through her will, decedent expressed a desire to treat her sons equally by dividing the residue of her estate equally among them. During her lifetime, decedent assisted objector by paying for post-high school expenses for his three daughters. Decedent also opened certain certificate of deposit accounts "in trust" for objector's three daughters. The disparity between the total amounts decedent provided to objector's children and the amount used to open the joint C.D. is not great. The court determines it is reasonable to presume decedent opened the joint C.D. in her and son's name in order to "balance" the financial assistance she provided to each son during her lifetime.

Bank's records show that decedent and son held at least one account jointly, although the records cannot conclusively show which account that is. The fact that the joint C.D. contains the address of decedent and father is not persuasive considering that decedent listed her home address on each certificate of deposit account she opened with bank. The court determines the joint C.D. is titled in decedent's and son's names. Consequently, the first and final account should not be amended to include the joint C.D. as an estate asset.

Accordingly, the following is entered:

## ORDER

And now, February 2, 2004, upon consideration of the objection of co-executor Curtis Alan Renaud to the first and final account filed by Michael Jon Renaud, the other co-executor, said objection is overruled.